## G. CLINKSCALE V. THE STATE.

No. 20492. Delivered October 18, 1939.
Rehearing Denied November 15, 1939.

The opinion states the case.

*V. M. Johnston,* of Palestine, and *Nat Gentry, Jr.,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Conviction is for cattle theft; punishment assessed is confinement in the state penitentiary for a term of two years.

The indictment is sufficient to charge the offense. There are no bills of exceptions and procedural matters appear to be in due order. The only question in the record for us to consider is the sufficiency of the evidence to sustain the conviction.

The State introduced only two witnesses. The owner of the stolen cattle testified that the animals were taken from his possession without his consent on or about May 1, 1937. He stated that they were branded on the left hip by a "C" with a circle over it. In the latter part of July or about the first of August he got information as to the cattle's wereabouts and went to Troup, some sixty miles away, where he secured a constable and went to Mr. R. E. Melton's home, where he found two yearlings in his possession carrying the brand "C" with a circle over it. He identified these as belonging to him and carried them home. Mr. Melton testified that the defendant

was his brother-in-law. He stated that a month or six weeks before the cattle were claimed by the owner Mr. Carroll, the defendant had sold him the two cattle for $50. He also testified that appellant had a truck capable of carrying the cattle and that there was a road which was open to automobiles from the place where the cattle were stolen to his house. The appellant did not testify or offer any affirmative defense.

Appellant takes the position that inasmuch as the State's case rests entirely upon circumstantial evidence, possession alone is not a sufficient circumstance to authorize a conviction. That there must be possession by the accused of recently stolen property, which possession must be personal, exclusive, unexplained and must involve a distinct and conscious assertion of ownership by the defendant. The position taken by him is correct as a legal proposition, but we think the evidence offered by the State showed all the elements mentioned by him. There is no question but what the proof shows that appellant was in the exclusive possession of the allegedly stolen cattle a month or six weeks after they were stolen, and that he asserted ownership of the cattle when he sold them to Mr. Melton. He made no explanation of how he came to be in possession of the recently stolen cattle. Hence we deem the evidence sufficient to justify the jury's conclusion of appellant's guilt.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After re-examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion that the evidence is sufficient to support the conviction.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.